## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE

**IN THE MATTER OF**

**H.B.,  the minor student, through his parents, B.B., his mother, and G.B., his father,**

**Plaintiffs**                                                                          **DOCKET NO.**

**v.**

**Blount County Board  of Education d/b/a Blount County Schools,**

**Defendant.**

# COMPLAINT

H.B., by and through his mother, B.B., and father, G.B., bring this Complaint under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. They show:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    The Plaintiffs are H.B., a minor pre-school student, who resides in Blount County with his parents, B.B. and G.B.[1]

---

[1]    Initials are used to protect the identity of the student who is both a minor and has a disability.

2.     Defendant, Blount County Board of Education, d/b/a Blount County Schools (BCS), is vested with management and control of the County's public school system. It is the ultimate policy-making body with regard to the operation of the school system. The Defendant may be served with process through the superintendent of the Blount County Schools.

3.     This action arises out of the following Federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101, *et seq.*, amended by the Americans with Disabilities Act (ADA-AA) with an effective date of January 1, 2009; the Rehabilitation Act of 1973, §§ 504 and 505, as amended, 29 U.S.C.A. §§ 794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under § 504 to conform to the definition of "disability" under ADA-AA. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331.

4.     Blount County is the beneficiary of federal funding subject to Section 504 of the Rehabilitation Act, and is therefore covered by the Rehabilitation Act of 1973.

5.     Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the cause of action arose in Blount County and the Defendant may be found in Blount County.

6.     This case involves denial of access to the school because Blount County refuses to permit H.B.'s privately-paid certified therapist inside the school to provide him Applied Behavior Analysis (ABA) therapy.[2] Thus, the *gravamen* of this case falls outside the Individuals with Disabilities Education Act. *See Z.W. v. Horry Cnty. Sch. Dist.*, 68 F.4th 915, 918 (8th Cir. 2023), *en banc denied,* 2023 U.S. App. LEXIS 15959 (June 23, 2023). Indeed, no due process filing under IDEA has been made.

---

[2]     The therapy-provider is a Board Certified Behavior Analyst (a "BCBA").

## II.    STATEMENT OF FACTS

### A. Overview

7.     H.B. has Autism Spectrum Disorder.  The Americans with Disabilities Act and its counterpart, Section 504 of the Rehabilitation Act, are the most fundamental laws protecting the civil rights of persons with disabilities like H.B.  They ensure persons like H.B. have access to public facilities including their public schools.

8.     In this case, BCS refuses to permit H.B.'s medically-necessary Applied Behavior Analysis (ABA) therapy to be conducted inside the public school.  H.B.'s parents have arranged for such therapy at the school, through a certified provider, paid for by private insurance.  As a result of this denial, A.B. must receive it at home, denying him access to his public school, and creating chronic absenteeism where he is absent more than present.

### B. H.B.'s Disability

9.     H.B.'s Autism Spectrum Disorder (ASD) is a "disability" as that term of art is defined by the ADA and Section 504. Due to the medical impairment of ASD, many of H.B.'s major life activities are substantially limited: communicating, interacting with others, learning, uncontrolled repetitive behaviors, and impaired ability to function in school, home, and life.[3]

---

[3]     The National Institute of Mental Health describes Autism spectrum disorder as a neurological and developmental disorder that affects how people interact with others, communicate, learn, and behave, National Institute of Mental Health -Autism Spectrum Disorder, *available at* https://www.nimh.nih.gov/health/topics/autism-spectrum-disorders-asd#:~:text= Autism%20spectrum%20disorder%20(ASD)%20is,first%202%20years%20of%20life  (last visited November 11, 2023).  The *Diagnostic and Statistical Manual of Mental Disorders (DSM-5)* describes persons with ASD and having difficulty with communication and interaction with other people, restricted interests and repetitive behaviors, and symptoms that affect their ability to function in school, work, and other areas of life.  These are true for H.B.

## C. *Applied Behavior Analysis Therapy*

10.     H.B. attends the public pre-K program at Fairview Elementary in Blount County.

11.     Due to his Autism, H.B. requires Applied Behavior Analysis (ABA) therapy administered by a certified behavior therapist. Across forty (40) hours per week, the medically approved settings include H.B.'s school.

12.     H.B. has arranged for private insurance to pay for an appropriately certified BCBA to provide him ABA therapy at Fairview Elementary. That way, he can attend school *and* receive the medical benefits of ABA therapy.

13.     Up through the present, H.B.'s parents have made multiple requests, supported by H.B.'s clinical psychologist and physician, for his ABA therapy to be delivered while at school. But every time, BCS denies the request by contending that H.B. is making appropriate progress *without* a BCBA providing the ABA therapy.

14.     This is inaccurate. To obtain the amount of appropriately certified ABA therapy for his unique disability-related needs, H.B. is being required to miss school on Monday from approximately 11:00 a.m. to 1:00 p.m.; all day Tuesday; all day Wednesday; Thursday from 11:00 a.m. to 1:00 p.m.; and all day Friday. With the school refusing delivery of these ABA therapies at school, H.B. must receive them at home during these times. Either H.B. stays home and misses out on much of his education, or H.B. goes to school and misses out on much of his ABA therapy. The reasonable solution is for the ABA therapy to be delivered *at the school*. That relieves H.B. from being chronically absent—absent, in fact, more than he is present.

15.     BCS does not have trained staff to deliver the ABA therapy that H.B. requires within his school. It certainly does not have it for the time and intensity H.B. requires. In fact,

upon information and belief, BCS employs but a single Board-Certified Behavior Analyst (BCBA) to serve all of its students. This person cannot possibly devote her time—nor has BCS offered this—to addressing H.B.'s needs for ABA therapy. Accordingly, simply permitting H.B.'s privately- contracted ABA therapist inside the school is necessary and reasonable.[4]

### III. CAUSES OF ACTION

16.     The foregoing facts are incorporated. Plaintiffs now bring the following causes of action against Blount County Schools:

### AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT

*A. Intentional Discrimination*

17.     Title II of the Americans with Disabilities Act, and its implementing regulation, mandate that no qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, such as a public school or school district, or be subjected to discrimination by any such entity. *See* 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

18.     School districts are required to, among other things, afford students with disabilities an equal opportunity to participate in or benefit from any aid, benefit, or service provided to other students. 28 C.F.R. § 35.130(b)(1).

---

[4]     See, e.g., WVLT, June 9, 2023, *Autism therapists approved for Knox County Schools classrooms,* "Knox County Schools became the 24th district in East Tennessee to allow Applied Behavior Analysis therapists inside the classroom if their assistance is needed." https://www.wvlt.tv/2023/06/09/aba-therapists-approved-knox-county-schools-classrooms/ (last visited November 11, 2023).

19. Similarly, under Section 504, "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. 794(a). The term "program or activity" includes "all of the operations" of a school system. 29 U.S.C. 794(b)(2)(B). Section 504, too, requires equal access and provision of reasonable accommodations. 29 U.S.C. 794(a); 28 C.F.R. §41.53.

20. Acting with intent, deliberate indifference, and/or gross misjudgment,[5] BCS has excluded H.B. from participating in and receiving the full benefits of the pre-school program at Fairview Elementary.

*B. Denial of Reasonable Accommodation (Modification)*

21. Under the ADA, "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i). This requirement for reasonable modification applies equally to Section 504. See *Alexander v. Choate*, 469 U.S. 287 (1985).

22. Although intent is not required, BCS did intentionally and with gross misjudgment refuse to modify existing practices, policies or procures to permit ABA therapy in the schools. Simply: BCS denied a reasonable accommodation ("modification") of ABA therapy to H.B. in the public school.

---

[5] Such heightened intent is not necessary for injunctive relief, as opposed to damages, but it nonetheless does exist here.

23.     Premises considered, Plaintiff seeks declaratory relief of violation of the ADA and Section 504; injunctive relief requiring BCS to permit in-school access to H.B.'s ABA therapist; training on modification of policies under ADA and Section 504; and reasonable attorneys' fees and costs.

**GILBERT LAW, PLC**

/s/ Justin S. Gilbert
Justin S. Gilbert
(TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423-756-8203
justin@schoolandworklaw.com

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (TN Bar No. 28158)
139 Stonebridge Boulevard
Jackson, TN 38305
Telephone: 731-300-0970
jsalonus@salonusfirm.com